## PEELER HARDWARE CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 11551.

Circuit Court of Appeals, Fifth Circuit.
June 11, 1945.

Charles M. Cork and C. Baxter Jones, both of Macon, Ga., for petitioner.

Robert R. Reynolds, Helen R. Carloss, and Harold C. Wilkenfeld, Sp. Assts. to Atty. Gen., Sewall Key, Acting Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for appellee.

Before SIBLEY, HUTCHESON, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

The facts are well stated by the Tax Court as follows:

"Petitioner is a Georgia corporation with its principal office at Macon, Georgia. It filed its income tax returns for the years in question with the collector of internal revenue for the district of Georgia. In 1930 A. M. Peeler was the sole stockholder of the petitioner with the exception of 4 qualifying shares in the hands of the directors. The Dunlap sisters were the sole stockholders of the Dunlap Hardware Company, hereinafter referred to as Dunlap, a competitor of the petitioner. Desiring to retire, the Dunlap sisters offered to sell the business to A. M. Peeler and the offer was accepted. By a contract of sale entered into May 23, 1930, A. M. Peeler agreed to purchase from the Dunlap sisters all of the outstanding stock of Dunlap, consisting of 800 shares, for the purchase price of $180,-000. A. M. Peeler personally borrowed $100,000 which he placed in a Macon bank as escrow for ultimate payment to the Dunlap sisters for their stock pursuant to the contract. The 800 shares of Dunlap were then issued in the name of A. M. Peeler and were deposited in the bank in escrow, the Dunlap sisters retaining a security interest therein until the purchase price was paid in full. Thereupon the $100,000 was paid over to the Dunlap sisters.

"Pursuant to the contract A. M. Peeler exercised an optional method of paying the remaining $80,000 of the purchase price. He caused the petitioner to issue $80,000 par value preferred stock in the name of the Dunlap sisters within 60 days as required by the contract. Under this optional method Peeler Hardware Company amended its charter by changing its name to Dunlap-Peeler Hardware Company. The name was subsequently changed back to Peeler Hardware Company. At a stockholders' meeting of petitioner on June 25, 1930, the following resolutions were adopted:

"The following resolution was unanimously adopted:

"Resolved that the corporation accept the amendment to its charter granted by the Superior Court of Bibb County on the 25th day of June, 1930, changing the name of the corporation from Peeler Hardware Company to Dunlap-Peeler Hardware Company.

"On motion the following resolution was unanimously adopted:

"Resolved that the common capital stock of the company be increased from $150,-000.00 to $200,000.00 and that 500 additional shares of common stock of the par value of $100.00 per share be issued.

"On motion the following resolution was unanimously adopted:

"Resolved that an issue of preferred stock in the amount of $80,000.00 par value be authorized, such stock to be first preferred 7% cumulative stock and to be issued in shares of the par value of $100.00. Such stock shall be issued upon the terms and conditions set forth and contained in the specimen stock certificate hereto attached and by reference made a part of this resolution. Such specimen stock certificate as prepared and as submitted to this meeting is hereby approved as to all its terms and conditions.

"On motion the following resolution was unanimously adopted:

"Whereas, A. M. Peeler, the President of Peeler Hardware Company and the sole stockholder of Peeler Hardware Company, except for four qualifying shares issued to directors of said company, has acquired all of the assets of Dunlap Hardware Company subject to the liabilities of said company, and

"Whereas, said A. M. Peeler has proposed to turn said assets of said Dunlap Hardware Company over to this corporation, subject to the liabilities so assumed by him, and

"Whereas, it appears that the assets of Dunlap Hardware Company, after deducting the liabilities of said company, are reasonably worth an amount equal to or in excess of the value of the common and preferred stock heretofore authorized by resolution of the stockholders at this meeting, and

"Whereas, it is to the best interests of this company to acquire the assets of Dunlap Hardware Company subject to its liabilities.

"Now, Therefore, be it resolved that the said assets be accepted and that the liabilities of Dunlap Hardware Company be assumed and that the additional shares of common stock and all of the preferred stock to be issued in accordance with the resolution heretofore adopted by the stockholders of this company be issued and delivered to said A. M. Peeler or his nominee or nominees in exchange for the assets of said Dunlap Hardware Company.

"By this resolution A. M. Peeler was recognized by petitioner as personally being the owner of the assets formerly belonging to Dunlap. These assets were carried forward on the books of the petitioner at the same value that they had had on the books of Dunlap. Dunlap took no action in transferring its assets. It took no formal corporate action of any sort after the issuance of its stock in the name of A. M. Peeler.

"In addition to issuing $80,000 par value of preferred stock to the Dunlap sisters as the nominees of A. M. Peeler the petitioner issued an additional $50,000.00 par value common stock to Peeler in return for the assets so conveyed to it. The preferred shares were redeemed by petitioner at a discount on December 15, 1930.

"A. M. Peeler caused Dunlap to be liquidated and personally took over the assets prior to conveying them to the petitioner. The fair market value of these assets subject to Dunlap's liabilities at the date of liquidation, was $180,000."

The question to be determined is whether the basis for determining the taxpayer's equity invested capital for excess profit tax purposes under § 718(a) (2) of Internal Revenue Code 26 U.S.C.A. Int. Rev. Code, § 718(a) (2), for the fiscal year ending May 31, 1942, should be the $180,000 paid by A. M. Peeler and the taxpayer to the Dunlap sisters for the purchase of all the stock of the Dunlap Hardware Company, or whether the basis should be the $289,508.77 valuation at which the assets

acquired from Dunlap Hardware Company were carried on its books at the time of the sale of the stock to Peeler.

The Tax Court held that the taxpayer's basis for the assets so acquired was the sum paid to Dunlap Hardware Company, or $180,000.

The petitioner contends that the transaction between Peeler and Dunlap was "a merger or consolidation (including the acquisition by one corporation of * * * all the properties of another corporation)" and constituted a tax-free reorganization as defined in § 112(i) (1), Revenue Act 1928, 26 U.S.C.A. Int.Rev.Acts, page 379. It also contends that under § 112(i) (1) (B) of the same Act the transaction was a reorganization, in that it was a transfer by Dunlap of all or a part of its assets to another corporation (petitioner) so that immediately after the transfer the sole stockholder of the transferor, Peeler, was in control of petitioner, the corporation to which the assets were transferred. Petitioner insists, moreover, that the form which the transaction took should be disregarded and only the result considered, for it says that regardless of the fact that the Dunlap sisters merely sold corporate stock to A. M. Peeler, the individual, and regardless of the fact that Peeler, the individual, paid $100,000 of his personal funds in purchase of the stock, and regardless of the fact that the Dunlap corporation passed no resolutions and took no steps whatever providing for a consolidation, merger, or reorganization, either while that corporation was owned by the Dunlap sisters or while it was owned by A. M. Peeler, nevertheless, in the end the petitioner owned all of the assets of Dunlap, and the latter went out of the picture. It shows, moreover, that it redeemed the $80,000 of preferred stock which had been issued to the Dunlap sisters for the purchase, and although it did not reimburse A. M. Peeler for the $100,000 which he had personally put up to purchase the Dunlap stock, nevertheless, it issued to him its additional common stock of the par value of $50,000 and that Dunlap Hardware Company ceased to do business and to all intents and purposes became *functus officio* as effectually as if dissolved.

The Tax Court was of the opinion that the merger or consolidation idea was an afterthought, in nowise in the minds of the parties in 1930; that there was nothing more than the sale of the stock of Dunlap corporation to the individual, A. M. Peeler, entirely on his cash and credit; that Peeler, the individual, became the owner of stock in both corporations, and when the lease of Dunlap expired he merely moved the stock of merchandise from Dunlap into the Peeler Hardware Company's store where same was commingled and sold along with the goods in the Peeler store. In support of this finding it cites the following from the resolution of the taxpayer:

"Whereas, A. M. Peeler, the President of Peeler Hardware Company and the sole stockholder of Peeler Hardware Company, except for four qualifying shares issued to directors of said company, has acquired all of the assets of Dunlap Hardware Company subject to the liabilities of said company, and

"Whereas, said A. M. Peeler has proposed to turn said assets of said Dunlap Hardware Company over to this corporation, subject to the liabilities so assumed by him, and

\* \* \* \* \* \*

"Now, Therefore, be it resolved that the said assets be accepted and that the liabilities of Dunlap Hardware Company be assumed and that the additional shares of common stock and all of the preferred stock to be issued in accordance with the resolution heretofore adopted by the stockholders of this company be issued and delivered to said A. M. Peeler or his nominee or nominees in exchange for the assets of said Dunlap Hardware Company."

The transaction in question did not take the usual legal form for the consolidation or merger of corporations, but if substance instead of form is used as a guiding element, the taxpayer would not prevail because the material facts in the case have been resolved against it by the Tax Court. That Court is the trier of the facts and it is its function to draw appropriate inference from the proven facts and to determine what the transaction amounted to

in substance. Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248.

The Tax Court found that there was no reorganization or merger, in form or substance, and in order for the tax payer to overcome such factual finding it is necessary that it demonstrate to us that there was no substantial support in the record for the Tax Court's conclusion. It has failed to do this. It stands undisputed that the price paid the Dunlap sisters was $180,000, and it is not argued to us that this sum should be increased by any amount used in the payment of the liabilities of Dunlap Hardware Company which A. M. Peeler assumed. We think the Tax Court, in the absence of a consolidation or merger, was correct in fixing the price actually paid for the assets of Dunlap as the basis for the taxpayer's equity invested capital in such assets for excess profit tax purposes.

The findings of the Tax Court have substantial support in the evidence and the judgment is affirmed.